| | |
|---|---|
| RONALD D. TYM(CASBN 195339) | JONATHAN A. STEIN (CASBN 123894) |
| THE TYM FIRM | LAW OFFICES OF JONATHAN STEIN, PC |
| 30526 Rainbow View Dr. | 2520 Murrell Road |
| Agoura Hills, CA 91301 | Santa Barbara, CA 93109 |
| Tel (818) 836-1428 | Tel (310) 968-4455 |
| Fax (818) 337-2026 | |
| RTym@Tymfirm.com | Jstein@Jsteinlaw.com |
| Attorney for Plaintiffs ARKA INC. PROFIT SHARING PLAN and LINDA HONG SUN STEIN | Attorney for Plaintiff LAW OFFICES OF JONATHAN STEIN, P.C. DEFINED BENEFIT PLAN and JONATHAN STEIN |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAW OFFICES OF JONATHAN STEIN, P.C., DEFINED BENEFIT PLAN, ARKA INC. PROFIT-SHARING PLAN, JONATHAN STEIN, and LINDA HONG SUN STEIN<br><br>Plaintiffs<br><br>v.<br><br>GABRIELINO-TONGVA TRIBE, a California unincorporated association<br><br>Defendant | Case No. 2:21-cv-5653<br><br>**COMPLAINT UNDER EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AS AMENDED, 29 U.S.C. §1001 ET SEQ. ("ERISA"), AND SUPPLEMENTAL STATE LAW ACTIONS** |

COMES NOW, Plaintiffs LAW OFFICES OF JONATHAN STEIN, P.C., DEFINED BENEFIT PLAN, ARKA INC. PROFIT-SHARING PLAN, JONATHAN STEIN, and

LINDA HONG SUN STEIN, and complain of Defendant GABRIELINO-TONGVA TRIBE as follows:

**PARTIES**

1. Plaintiff LAW OFFICES OF JONATHAN STEIN, P.C. DEFINED BENEFIT PLAN, (the "**LOJS Plan**"), is a single employer Plan registered as Trust Tax ID #81-0832843 and regulated by 29 U.S.C. §1001 et. seq. (hereinafter, "**ERISA**"). Pursuant to 29 U.S.C. §1132(d), the LOJS Plan is a separate legal entity from Law Offices of Jonathan Stein, PC, a California corporation not party to this action. The LOJS Plan trustee is Jonathan Stein. The LOJS Plan is a qualified ERISA Plan and LOJS Plan provisions conform to the requirements of ERISA.

2. Plaintiff ARKA, INC. PROFIT-SHARING PLAN (the "**Arka Plan**"), is a single employer Plan registered under the name of co-trustee Fidelity Management Trust Company and is a single employer 401(k) plan regulated under ERISA and Internal Revenue Code, 26 USC §401 (the "**IRC**"). Pursuant to 29 U.S.C. §1132(d), the ARKA Plan is a separate legal entity from Arka, Inc., a California corporation not party to this action. Its trustees are Fidelity Trust Management Company and Linda Hong Sun Stein. The Arka Plan provisions conform to the requirements of ERISA.

3. Plaintiff JONATHAN STEIN, an individual, is a resident of Santa Barbara County ("**Stein**"). He is one of the participants, and one of the beneficiaries, under the LOJS Plan. Stein is also its Trustee. Plaintiff Stein is a Judgment Debtor in the Underlying Collection Action (See below).

4. Plaintiff LINDA HONG SUN STEIN, an individual, is a resident of Santa Barbara County ("**Hong Sun**"). Hong Sun is one of the participants, and one of the beneficiaries, under the Arka Plan. Hong Sun is also its Co-Trustee. Hong Sun is also the owner and beneficiary of an ERISA-protected roll-over individual retirement plan established under ERISA and the IRC ("**Hong Sun Rollover IRA**").

Plaintiff Hong Sun is not a Judgment Debtor in the Underlying Collection Action (see below).

5.  Plaintiffs LOJS Plan, Arka Plan, Hong Sun and Stein are hereinafter sometimes collectively referred to as the "**Plaintiffs**".

6.  Defendant GABRIELINO-TONGVA TRIBE ("**GTT**") is not a federally recognized Indian Tribe. It is a Judgment Creditor under a "**Judgment**" and "**Statement of Decision**" entered on or about August 27, 2019 in Los Angeles Superior Court Case No. 361307, *Gabrielino-Tongva Tribe v Stein* (the "**Underlying Collection Action**"). The Underlying Collection Action is currently on appeal to the State of California Second District Court of Appeal (Case No. B302377). Because no bond is posted in the Underlying Collection Action, there is no stay on debt collection by the Judgment Creditor.

## JURISDICTION AND VENUE

7.  This Court has subject matter over this action conferred by 28 U.S.C. §1331, because this civil action arises under federal law, including 29 U.S.C. §1132, the ERISA civil enforcement provision, and the IRC.

8.  This Court has subject matter jurisdiction with respect to the state law claims pursuant to supplemental jurisdiction conferred by 28 U.S.C. §1367.

9.  This Court has personal jurisdiction over Plaintiffs and Defendant because all such parties reside in the Central District of California (the "**District**").

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because (a) the Defendant resides in the District; (b) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this District; and/or (c) this District has personal jurisdiction over the Defendant. An addition basis for venue is 29 USC §1132(e)(2), because the Arka Plan and the LOJS Plan are both administered in this District.

# GENERAL ALLEGATIONS

11. In 2019, the Judgment was entered against Plaintiff Stein in favor of Defendant GTT in the Underlying Collection Action, styled *Gabrielino-Tongva Tribe v Stein,* Los Angeles County Superior Court Case No. *BC-361307.*

12. Plaintiff Hong Sun is not a named judgment debtor in the Judgment. At the time of issuance of the Judgment, and at all times since, Plaintiff Hong Sun was and is the lawful spouse of Plaintiff Stein, the judgment debtor in the Judgment. Hong Sun and Stein executed a prenuptial agreement prior to their marriage in 2011, whereby all assets, property and income acquired during marriage would be the separate property of the spouse who acquired such assets, property, and income. In addition, all assets, property, and income of a spouse prior to the marriage remain the separate property of such spouse. As a result of the prenuptial agreement, there is no community property in the marriage and there never has been community property.

13. On or about June 29, 2021, Defendants began new proceedings in the Underlying Collection Case. In an attempt to collect upon the Judgment from Plaintiff Stein, Defendant caused the Los Angeles County Sheriff to serve upon Fidelity Brokerage Services, LLC ("**Fidelity**") in Glendale, California, a Notice of Levy (the "**Sheriffs Levy**"). Acting purposely and with full knowledge of the facts, Defendant caused the Sheriff to levy upon "all general intangibles and/or money and/or deposit accounts and/or time accounts and/or certificates of deposit and/or negotiable instruments and/or notes and/or drafts and/or financial assets and/or investment securities and/or accounts receivable and/or any proceeds from any of the above, in the name of the Judgment Debtors Jonathan Stein…and/or Judgment Debtor's Legal Spouse Lisa Hong Sun Stein….Include any accounts that the Judgment Debtors are a signatory on, whether the account(s) are maintained in the Judgment Debtors' name or not…."

14. As a result of the Sheriffs Levy, Fidelity located and restricted the following accounts, and will soon liquidate them:

a. Jonathan Stein PC Defined Benefit Plan account XXX-XX6531 with a balance of $730,279 (the "**LOJS Plan Account**");

b. IRA Rollover Account of Hong Sun XXX-XX9618 with a balance of $33,395 registered in the name of Plaintiff (the "**Hong Sun Rollover IRA Account**"); and

c. Arka Inc Profit Sharing Plan Account XXX-XX9792 with a balance of $52,395 (the "**Arka Plan Account**").

Each of these accounts are part of ERISA-protected retirement plans. Among other protections are the anti-alienation provisions of ERISA and the IRC. The LOJS Plan Account is also protected by the anti-alienation provisions of the LOJS Plan. The Arka Plan Account is also protected by the anti-alienation provisions of the Arka Plan. In addition, each Account is protected under California law and California Code of Civil Procedure §704.115.

15. Defendant knew or should have known that these accounts were not subject to any levy, garnishment or other debt collection action. Defendant knew or should have known that the Sheriffs Levy it caused was unlawful. Defendant's knowledge is from extensive discovery beginning in 2019 in the Underlying Collection Action, as well as a number of new California litigations that Defendant has filed in addition to the Underlying Collection Action, including:

a. *Gabrielino-Tongva Tribe v Linda Stein*, Los Angeles Superior Court Case No. 21STCV00837 (the "**LASC Action**"). This case has since been dismissed by the trial court.

b. *Gabrielino-Tongva Tribe v Linda Stein*, Santa Barbara County Case No. 21CV00198 (the "**Santa Barbara Action**").

c. *Gabrielino-Tongva Tribe v Jonathan Stein,* Santa Barbara Superior Court Case No. 20CV01716 (the "**Santa Barbara Collections Action**").

In addition, Defendant is represented by counsel Chora Young & Manasserian, LLP that holds itself out as expert on debt collections in California. Thus, the actions of Defendant were willful, knowledgeable and done on purpose.

16. Despite knowing that Hong Sun is not a Judgment Debtor on the Judgment, and that her property is separate property, and that the Arka Plan and Hong Sun Rollover IRA are protected from levy by ERISA (and by CCP §704.115) nonetheless Defendant chose to execute the Sheriffs levies on the Arka Plan Account and the Hong Sun Rollover IRA Account.

17. Despite knowing that LOJS Plan is not a Judgment Debtor, and that its property is not owned by Stein individually, and that the LOJS Plan is protected from levy by ERISA (and by CCP §704.115), nonetheless Defendant chose to execute the Sheriffs levies on the LOJS Plan Account.

**FIRST CAUSE OF ACTION FOR VIOLATION OF ERISA**

18. The allegations in paragraphs 1 through 18 above are repeated hereby as if set forth at length herein.

19. Amounts on deposit in the LOJS Plan, the Arka Plan, and the Hong Sun Roll-Over IRA are protected from levy by creditors of Stein or Hong Sun, including Defendant, pursuant to the terms of the Plans and the protections afforded by ERISA.

20. With respect to the LOJS Plan, and pursuant to 29 USC §1132(a)(3), Stein acts as its trustee, participant and beneficiary. Stein acts as trustee pursuant to 29 USC §1104(a) also. As trustee and otherwise, Stein seeks to (i) redress violations of the anti-alienation provisions of ERISA, the IRC and of the LOJS Plan; (ii) enforce these and other ERISA, IRC, and LOJS Plan protections against creditors; (iii) enjoin acts in violation of ERISA, the IRC and the LOJS Plan; and (iv) obtain other equitable relief.

21. With respect to the Arka Plan, and pursuant to 29 USC §1132(a)(3), Hong Sun acts as its trustee, participant and beneficiary. Hong Sun acts as trustee

pursuant to 29 USC §1104(a) also.  As trustee and otherwise, Hong Sun seeks to (i) redress violations of anti-alienation provisions of ERISA, the IRC, and the ARKA Plan; (ii) enforce these and other ERISA, IRC, and Arka Plan protections against creditors; (iii) enjoin acts in violation of ERISA, the IRC and the Arka Plan;  and (iv) obtain other equitable relief.

22. With respect to the Hong Sun Rollover IRA, Hong Sun seeks to (i) enforce ERISA and IRC protections against creditors; (ii) enjoin acts in violation of ERISA and the IRC;  and (iii) obtain other equitable relief.

23. As a proximate cause of the actions of Defendant, Plaintiffs have suffered the loss of use of their property and other damages, and in addition Plaintiff Hong Sun has suffered emotional distress.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

24. The allegations in paragraphs 1 through 23 above are repeated hereby as if set forth at length herein.

25. Plaintiffs desire a judicial determination that the LOJS Plan and the LOJS Plan Account; the Arka Plan and the Arka Plan Account; and the Hong Sun Roll-Over IRA Account, are protected from levy, garnishment or other debt collection actions or proceedings by any of Defendant, whether in Underlying Collection Action, the LASC Action, the Santa Barbara Action, or in the Santa Barbara Collection Action.

26. Plaintiffs desire a second judicial determination that the LOJS Plan and the LOJS Plan Account; the Arka Plan and the Arka Plan Account; and the Hong Sun Roll-Over IRA Account, are not "judgment debtors" liable to pay the Judgment.

27. A judicial declaration and concurrent injunctive relief are necessary and appropriate at this time because Defendant has already caused a Sheriffs Levy to reach the LOJS Plan Account, the Arka Plan Account, and the Hong Sun Roll-Over IRA Account.  The Accounts have been restricted by Fidelity and are due to be liquidated soon.

### THIRD CAUSE OF ACTION FOR ABUSE OF PROCESS

28. The allegations in paragraphs 1 through 27 above are repeated hereby as if set forth at length herein.

29. Defendant's filings and litigation conduct were willfully done by Defendant with the ulterior purpose of harassing Plaintiffs so as to unlawfully coerce Plaintiffs into paying the Judgment from assets not subject to lawful garnishment or levy.

30. Similarly, the Sheriffs Levy was willfully done by Defendant with the ulterior purpose of harassing Plaintiffs so as to unlawfully coerce Plaintiffs into paying the Judgment from assets not subject to lawful garnishment or levy.

31. As a proximate cause of the actions of Defendant, Plaintiffs Stein and Hong Sun have suffered the loss of property not subject to levy or garnishment and other damages. In addition, Plaintiff Hong Sun has suffered from emotional distress.

32. As a proximate cause of the actions of Defendant, Plaintiffs LOJS Plan and Arca Plan have suffered the loss of property not subject to levy or garnishment and other damages.

33. Defendant acted with oppression, fraud or malice.

### FOURTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (BY PLAINTIFF HONG SUN ONLY)

34. The allegations in paragraphs 1 through 33 above are repeated hereby as if set forth at length herein.

35. Defendant's conduct was outrageous.

36. Defendant intended to cause Plaintiff Hong Sun emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress

37. Plaintiff Hong Sun suffered severe emotional distress.

38. Defendant's conduct was a substantial factor in causing Plaintiff Hong Sun's severe emotional distress, which emotional distress has included anxiety, sleep loss, and impairment of cognitive abilities.

39. Defendants acted with oppression, fraud or malice.

## PRAYER FOR RELIEF

1. Plaintiff prays for the following relief:

2. **First Cause of Action**

   1. Monetary damages, losses or expenses as allowed by ERISA and federal law.
   2. Injunctive relief; and
   3. Attorney's fees and costs as allowed by ERISA including 29 USC §1132(g).

3. **Second Cause of Action**

   1. Declaratory relief including but not limited to a declaration that the assets of the LOJS Plan, the Arca Plan and the IRA Roll-Over are not subject to levy or garnishment;
   2. Injunctive relief; and
   3. Attorney's fees and costs as allowed by ERISA including 29 USC §1132(g).

**Third Cause of Action**

   1. Monetary Damages, losses or expenses as allowed by California law.
   2. Punitive damages as may be allowed by California law.

**Fourth Cause of Action**

   1. Personal injury damages allowed in California for intentional infliction of emotional distress.
   2. Punitive damages as may be allowed by California law

**All Causes of Action**

   1. Recovery of court costs, expert fees and other costs allowed by statute.

2. Such other relief as may be lawful or equitable, and as deemed appropriate by this Court.

### JURY DEMAND

Plaintiffs demand a jury trial to the fullest extent permitted.

Respectfully Submitted,

**THE TYM FIRM**

Dated: July 13, 2021

By: */s/ Ronald D Tym*
Attorney for Plaintiffs Arka Plan and Hong Sun

**LAW OFFICES OF JONATHAN STEIN, P.C.**

Dated: July 13, 2021

By: */s/ Jonathan Stein*
Attorney for Plaintiffs LOJS Plan and Jonathan Stein

10

*Complaint*